UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61812-CIV-COHN/SELTZER

BARRY LEVINE and others
similarly situated,

    Plaintiff,

vs.

GUNTHER MOTOR COMPANY OF
PLANTATION, INC., d/b/a "Gunther Volkswagen,"
"Gunther Kia" and "Gunther Mazda," a Florida
corporation, and JOSEPH F. GUNTHER, JR.,
individually,

    Defendants.
_____/

## ORDER DENYING MOTION FOR EXPEDITED PRODUCTION OF PUTATIVE CLASS NAMES AND CONTACT INFORMATION

THIS CAUSE is before the Court on Plaintiff's Motion for Expedited Production of Putative Class Names and Contact Information (DE 17) and the Court being sufficiently advised, it is hereby ORDERED that the Motion is DENIED for the reasons set forth below.

Plaintiff Barry Levine, on behalf of himself and all others similarly situated, brings this Fair Labor Standards Act ("FLSA") action against his former employer, Gunther Motor Company of Plantation, Inc. and Joseph F. Gunther, Jr. In this putative collective action, Plaintiff alleges that as an automobile salesperson the commissions-only pay plan (with draws against future commissions) under which he was paid was insufficient to compensate him (and other sales personnel) at the applicable minimum wage.

In the instant motion, Plaintiff seeks to compel Defendants to answer (on an expedited basis) certain interrogatories requesting the identity and contact information of

employees who were employed and were compensated in a manner similar to Plaintiff. More specifically, Interrogatories 5 and 6 state:

> 5. Please identify, with regard to all dealerships, subsidiaries, or sister corporations of the "Gunther Motors" Group, all employees and former employees (to include name, job title, address, telephone number, social security number and e mail address) – or other person who rendered services to or for the benefit of the Defendant – who were employed as salespersons or who were employed in a manner similar to the manner in which the Employer employed Plaintiff Barry Levine.
>
> 6. Please identify, with regard to all dealerships, subsidiaries, or sister corporations of the "Gunther Motors" Group, all employees and former employees (to include name, job title, address, telephone number, social security number and e mail address) – or other person who rendered services to or for the benefit of the Defendant – who were compensated in a manner similar to the manner in which the Employer compensated Barry Levine.

By the instant Motion, Plaintiff is asking this court to assist in his efforts to locate and solicit potential plaintiffs to opt-in to this litigation.

Defendants object to these Interrogatories, contending that they are overbroad in that Plaintiff was employed by the named defendant, Gunther Motor Company of Plantation, Inc.; yet, the Interrogatories seek information with respect to former and current employees of Gunther Motor Group, a separate entity that did not employee Plaintiff and that is not a named party herein.[1]  Additionally, Defendants contend that the information sought is not relevant nor are the Interrogatories calculated to lead to the discovery of admissible evidence.  Defendants also argue that the Interrogatories improperly seek employees' confidential information, including their social security numbers and email

---

[1] The undersigned also notes that neither Interrogatory is limited in time.

2

addresses.

Further, Defendants contend that to the extent that Plaintiff seeks the requested information on an expedited basis, the Interrogatories are unduly burdensome based on the corporate defendant's "regular course of business." Defendants explain that pre-2010 information is not automated; nor is it segregated by year, position, title, or compensation. All pre-2010 information is kept in storage in over 1,000 individual files; the employee information is kept for only 5 years. According to Defendants, therefore, to even provide the names, last known addresses, and telephone numbers of Defendants' current and/or former employees for a three-year period, they would be required to first analyze and compare each quarterly payroll report to compile an initial responsive employee list. Defendants then would be required to go through each employee file in storage to determine if that particular individual was (1) an employee of Defendant Gunther Motor Company of Plantation, Inc.; (2) employed in a manner similar to Plaintiff; and (3) compensated in a manner similar to Plaintiff. Finally, it would need to search each of these 1,000 individual files for the requested information. Given the upcoming holidays, and the upcoming end-of the month and end-of-the-year responsibilities of the Human Resources Manager, Defendants estimate that it would take until mid-February, 2011 to compile and produce even the names, address, and telephone numbers of the responsive employees. Moreover, Defendants contend that compiling the limited information would significantly interfere with Defendants' business operations. See Gwen Castro Aff., Ex. A (DE 23).[2]

---

[2] Plaintiff replies that the FLSA imposes upon the employer the duty to "make, keep, and preserve such records. . . as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders hereunder." 29 U.S.C. § 211(c). The employer must keep these records in a manner such that they can be "made available

The threshold issue is whether information requested for the sole purpose of contacting putative class members, to ascertain whether they wish to opt-in to this action, is discoverable before the matter has been conditionally certified as a collective action. Plaintiff summarily states that "[s]uch information is clearly discoverable in this case," Motion at 2 (DE 17), citing Disimone v. Atlantic Services, Inc., Case No. 09-804062-Civ-Ryskamp, Docket Entry 27 (S.D. Fla. Dec. 29, 2009), and Donahay v. Palm Beach Tours & Trans., Inc., Case No. 06-61270, 2007 WL 1119206, at *1 (S.D. Fla. Apr. 16, 2007). The issue, however, not as clear-cut as Plaintiff would have this Court believe. Although the courts in Disimone and Donahay did permit discovery of contact information of employees similarly situated to the plaintiff, other courts have denied such discovery before a collective action has been conditionally certified. See, e.g., Stephens v. Erosion Containment Mgmt.,Inc. No. 8:07-CV-1995-T-30MAP, 2008 WL 2157095, at *1 (M.D. Fla. May 21, 2008); Crawford v. Dothan City Bd. of Ed., 214 F.R.D. 694, 694 (M.D. Ala. 2003) (same).

The Eleventh Circuit has strongly urged the district courts to utilize a two-tiered approach in resolving requests for conditional certification. In Hipp v. Liberty National Life Insurance Co., 252 F.3d 1208 (11th Cir. 2001), the court described the process:

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision – usually based only on the pleadings and any affidavits which have been submitted – whether notice of the action should be

---

upon request." 29 C.F.R. § 516.1(a); see also 29 C.F.R. § 516.2 (identifying information required to be kept); 29 C.F.R. § 516.7 (addressing place for keeping records and availability for inspection). Plaintiff argues that the manner in which Defendants keep their records does not comport with their legal obligations, and therefore the Court should require Defendants to produce the information on an expedited basis.

4

> given to potential class members.  Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class.  If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in."  The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial.  If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives – i.e. the original plaintiffs – proceed to trial on their individual claims.

Id. at 1218 (quoting Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213-14 (5th Cir.1995)).

The courts in both Stephens, 2008 WL 2157095, at *1, and Crawford, 214 F.R.D. at 694, concluded that pre-certification discovery of contact information of putative class members is premature; such discovery does not comport with the two-tiered process and is appropriate only after the first step has been completed.

Additionally, in Knutson v. Blue Cross and Blue Shield of Minn., 254 F.R.D. 553, 557-58 (D. Minn. 2008), the district court sustained the defendant's objections to a magistrate judge's order compelling discovery of contact information of putative class members, finding that such information "did not fall within the ambit of Federal Rule of Civil Procedure 26(b)(1)." Id. at 557.  The court explained that Rule 26(b)(1) "authorizes discovery only of matters that are 'relevant to any party's claim or defense.'  Discovery sought solely for the purpose of inviting others to join in [the] litigation would not achieve

5

this purpose and would not be relevant to the particular claims and defenses currently sought in [the] case." Id. (quoting Fed. R. Civ. P. 26(b)(1)).  The Knutson Court additionally noted that many of the courts that permitted such discovery before conditionally certifying a class had simply cited to Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989).  Id. at 558 n.6.  Knutson concluded that its ruling did not "run afoul" of Sperling, which "affirmed an order compelling the production of contact information to the plaintiff's in a collective action, noting in passing that 'the discovery was relevant to the subject matter of the action.'"  Id.[3] (quoting Sperling, 493 U.S. at 170).  The Knutson Court explained:

> Sperling was decided prior to the 2000 Amendments to the Federal Rules of Civil Procedure, which altered the scope of discovery from matters "relevant to the subject matter involved in the pending action" to matters "relevant to any party's claim or defense."  While Sperling mandates the conclusion that the contact information [the plaintiff] seeks is relevant to the subject matter of this case, in the Court's view it is not relevant to the claims or defenses of the only parties currently before the Court. . . . At most, the information would be relevant to future claims that might (or might not) be brought by other [employees of the defendant], but no such individuals are parties to this action at this juncture.  Id. (emphasis in original)

Id. at 557-58.[4]  (citing Fed. R. Civ. 26(b)(1)) (discovery must be relevant "to any party's

---

[3] Sperling primarily addressed whether a district court has the power to authorize or facilitate notice to potential plaintiffs in a collective action, holding that the court may authorize such notice in appropriate cases.

[4] The Knutson Court recognized, as does this Court, that before class certification, a collective-action plaintiff may be entitled to discover employee contact information if he "can show that such information is discoverable for some reason other than facilitating notice to potential plaintiffs."  Id. at 557 (emphasis in original); see also Titre v. S.W. Bach & Co., No. 05-80077-Civ-Marra/Seltzer, 2005 WL 1692508 (S.D. Fla. July 20, 2005) (finding identity of similarly-situated employees relevant for purposes other than contacting putative class members) (Seltzer, M.J.).  Here, Plaintiff has not proffered the need (or relevancy) for the requested information other than to contact putative class members.

claim or defense) and <u>Sperling</u>, 493 U.S. at 190 (Scalia, J. dissenting) (discovery for purpose of notifying absent class members "is simply not authorized" by Rule 26).

This Court agrees that the information now sought by Plaintiff is not relevant to Plaintiff Levine's claim that he was not paid overtime wages – the only claim currently before the Court – and thus, the requested discovery is premature. Accordingly, until such time as a collective action may be conditionally certified, the Court will not require Defendants to respond to Interrogatories 5 and 6.

DONE AND ORDERED in Fort Lauderdale, Florida, this 9th day of December 2010.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

All counsel of record